## Case No. 15,955.

### UNITED STATES v. ONE STILL.

[6 Int. Rev. Rec. 67.]

District Court, S. D. New York. Aug., 1867.

INTERNAL REVENUE — FORFEITURES — INFORMER'S SHARE.

[An informer's share, under section 179 of the act of June 30, 1864, as amended by the act of July 13, 1866, and under the regulations of the secretary of the treasury of August 4, 1866, is to be calculated upon the gross proceeds of the forfeitures, without deducting the costs. Reaffirming Case No. 10,534.]

[This was an information of forfeiture, under the internal revenue laws, against one still boiler, etc.]

It was heretofore decided in this case that the informer's share should be calculated on the gross proceeds of the forfeiture and not on the net proceeds after payment of costs, according to the practice that has hitherto obtained. See One Still [Case No. 10,534]. The district attorney obtained leave to re-argue the question, and the judge has now rendered his decision on the re-argument.

S. G. Courtney, Dist. Atty., for the United States.

Henry & Clarkson, for the informers.

BLATCHFORD, District Judge, after setting forth the law as fixed by the 9th section of the internal revenue act of July 13, 1866 [14 Stat. 98], and the regulations of the secretary of the treasury made in pursuance of that section, proceeded:

It is contended on the part of the government that it is the meaning of the statute that the informer's share, whatever it may be, shall be estimated on the sum actually received by the government; that until recently the marshal, on the sale of forfeited property, paid its proceeds into the registry of the court, and the clerk then paid out of such proceeds the costs and expenses of the suit, and paid over the remainder to the collector of internal revenue for distribution; that in such case the sum received by the government was the sum received by the collector, and not the sum paid into the registry of the court, the clerk receiving the money from the marshal, not as the agent of the United States, but as the officer of the court; that where, as now, the practice is for the clerk to pay the informer's share directly to him, and the balance directly to the proper government officer, the government does not, any more than in the other case, receive that portion of the proceeds which have been consumed in the payment of costs; that this view is supported by the decision made by Judge Benedict, in the case in the Eastern district of New York, of U. S. v. Seven Large Fermenting Tubs [Case No. 16,254], who, while holding that under the statute and the general regulations made by the treasury department, the percentage of the informer is to be calculated upon the gross proceeds of the forfeited property, also held that the costs of the proceedings, through which the fund in court is realized, are a charge upon the whole fund, and must, in the distribution, be paid out of the proceeds of sale before the share of the informer can be distributed to him; that in this view the government cannot be said in any proper sense to receive the costs so as to distribute a portion of them to the informer, and that the informer has nothing to do with anything but what the government actually receives.

The whole argument on the part of the government is based on a fallacy. The share given to the informer by the statute is such share of the fine, penalty or forfeiture, whether it is recovered with or without judgment or decree (but not exceeding one moiety nor more than $5,000 in any one case) as the secretary of the treasury shall prescribe by general regulations. The statute confides the whole matter of the amount of the informer's share to the discretion of the secretary, to be exercised by general regulations, subject to the limitation fixed by the statute. In the case of a fine, penalty or forfeiture recovered by suit, the statute requires that the court decreeing the recovery shall ascertain who was the first informer, and in the case of any sum paid without suit or before judgment in lieu of fine, penalty or forfeiture, the statute requires the secretary to determine under general regulations to be made by him, who was the first informer. * * * The statute contemplates that the general regulations shall assign to an informer, one and the same share of a fine, penalty or forfeiture, whether it is recovered by suit or whether a sum is paid in lieu of it, by way of compromise; and the secretary has so interpreted the law. The shares he prescribes are for shares of all proceeds and moneys whether recovered by judgment or paid without suit or before judgment, and are applicable to all fines, all penalties and all forfeitures received under the internal revenue laws. The fallacy of the view taken by the government is in the idea that under the statute or the general regulations, the informer's share is to be estimated on the sum received by the government. There is in the first place, nothing in the statute to uphold this view. That portion of the section which speaks of the vesting of a right in the informer, has reference solely to the time when the right shall vest in the informer, and says that no right shall accrue to or be vested in the informer until the fine, penalty or forfeiture is fixed by judgment or compromise, and the proceeds or amount shall have been paid, and that then the informer shall become entitled to his legal share of the sum adjudged or agreed upon and received. There is nothing in this provision which necessarily restricts the informer's share to a share of the proceeds or amount paid to or received by the government. The provision has no reference to amount, but concerns only the question of time, and was intended to guard against all claim by an informer to a vested right in a fine, penalty or forfeiture incurred; nor, in any view, can the word paid or the word received, in this provision, mean paid to the government or received by the government. The provision, so far as the import of the words paid and received is concerned, means that until, in the case of a recovery by judgment, the fine, penalty or forfeiture is fixed by the judgment, and the amount or proceeds shall have been paid thereunder, and until, in the case of the payment of a sum without suit or before judg-

ment, in lieu of fine, penalty or forfeiture, the sum is fixed by compromise and paid, the informer shall have no right, or title, or vested interest to or in any share of it. The words paid and received have no reference whatever to the payment to. or the receipt by, the government of its share of the amount or proceeds of the recovery, or of its share of the sum paid by way of compromise. In the present case, under the decree of condemnation, the right of the informer did not vest until the payment to the marshal of the proceeds of the sale of the condemned property; but where those proceeds were paid to the marshal, then the informer became entitled to his legal share of those proceeds. That share is a percentage, to be calculated, according to the general regulations, on the gross amount of the proceeds so paid to the marshal. Those gross proceeds are the forfeiture, or in other words, the property condemned as forfeited and ordered by the decree to be sold by the marshal; and the general regulations give to the informer, as his share, a percentage, to be calculated on the amount of the forfeiture, that is, on the amount of the gross proceeds of the sale of the property condemned as forfeited. If any interpretation were to be given to the provision of the statute which says that the informer shall be entitled to his legal share of the sum adjudged or agreed upon and received, as in any way defining the amount of the share, such interpretation would be that the informer is entitled to a share of the sum adjudged, or the proceeds of the property adjudged, to be the forfeiture or the sum agreed upon in lieu of the forfeiture and received, and thus to a share in the present case of the gross proceeds of the sale of the property condemned as forfeited. But the whole question of the amount of the share, within the limits fixed by the statute, is left to the secretary. He may, by general regulations, make it greater or less. He might have followed the example set by the 91st section of the tariff act of March 2, 1799 [1 Stat. 697], which says that all fines, penalties and forfeitures recovered by virtue of that act shall, "after deducting all proper costs and charges," be disposed of in a certain way. He might have directed that the costs and expenses of the suit should be first deducted, and that the informer should then have a certain percentage of the net proceeds remaining. But he has not seen fit to do so. He has said, as strongly as negative language can say it, that the costs and expenses of the suit shall not be first deducted, but that the informer shall receive a percentage, to be calculated on the amount paid as a fine or penalty by the person on whom the fine or penalty is imposed, or on the proceeds of the sale of the property condemned as forfeited, and that no part of the costs or expenses shall be charged upon the share of the informer. The secretary had a right to say this. He had a right to give

to the informer such share, within the limits fixed. as in the exercise of his discretion he thought calculated to promote the objects aimed at by the statute. The statute was intended to encourage persons to inform as to causes of forfeiture, and the presumption is that the secretary deemed it wise on the whole to hold out to informers the inducements offered by his regulations, by saying to them that no part of the costs or expenses should be charged upon the share resulting from the percentage affixed to a given case. And in this connection I am free to say that I do not concur 'with Judge Benedict in his view that the costs and expenses of the proceedings through which the fund in court is realized are a charge on the whole fund, and must be paid out of the proceeds of sale before the share of the informer can be distributed to him, if the conclusion from that view is that the informer's share, ascertained by computing his percentage on the gross proceeds, can be made liable for a portion of the costs and expenses, if the residue beyond the informer's share is not sufficient to defray those costs and expenses. The result is that I am confirmed in the conclusion at which I before arrived, and that an order must be entered in this case, declaring William H. Craig to be the person who first informed of the cause, matter or thing whereby the forfeiture of the property condemned in this suit was incurred, and that he is entitled to have the share or percentage of such forfeiture to which as such person he is entitled, computed on the gross amount of the proceeds of the sale by the marshal under the decree herein of such property.